UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS,<br><br>   Plaintiff,<br><br>   v.<br><br>KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-01073-AWI-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Jerome Lee Cross is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on July 9, 2014.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On April 17, 2014, Plaintiff was arraigned on charges of possession of alcohol and/or drugs within a county jail, pursuant to California Penal Code section 4573.8. Officer Tolbert investigated and forwarded his information with a direct request for the district attorney to file charges against Plaintiff. Plaintiff contends officer Tolbert acted outside the scope of his duties by his recommendation.

In 2013, Plaintiff was involved in a mutual combat without substantial or significant injuries. However, Officer Tolbert recommended the district attorney prosecute Plaintiff for assault with great bodily injury, and following a jury trial Plaintiff was found not guilty. The district attorney is in the "habit" of "going off" of officer's recommendation when officers only have the duty to pass along the information.

///
///
///

## III.

## DISCUSSION

### A.     Malicious Prosecution

Claims by pretrial detainees, such as Plaintiff, are analyzed under the Fourteenth Amendment Due Process Clause.  See, e.g., Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002).  In the Ninth Circuit, a claim for malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  However, if malicious prosecution is "conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights," a malicious prosecution claim under § 1983 is available.  Id. at 562 (citing Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985)).  To state a claim for malicious prosecution in California under § 1983, a plaintiff must plead the "(a) the initiation of criminal prosecution, (b) malicious motivation, and (c) lack of probable cause."  Usher, 828 F.2d at 562.  A criminal defendant can maintain a malicious prosecution claim against police officers who wrongfully caused his prosecution.  Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).

Plaintiff claims only that the officer went beyond his scope of duties by recommending that the district attorney prosecute him for possession of alcohol/drugs while incarcerated.  Plaintiff's bare allegation fails to give rise to claim for malicious prosecution.  Plaintiff fails to allege that he was prosecuted with malice and without probable cause for the purpose of denying him equal protection or another specific constitutional right.  Accordingly, Plaintiff fails to state a cognizable claim for relief and leave to amend will be granted.

### B.     Municipal Immunity

Plaintiff names the Kings County Sheriff's Department and Kings County District Attorney's Office as Defendants.

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-1164 (9th Cir. 2003).  Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy,

custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

The Kings County Sheriff's Department and District Attorney's Office are not proper parties as they are a department of the County, not a separate municipal agency. See, e.g., United States v. Kama, 394 F.3d 1236, 1240 (9th Cir. 2005) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983."); Hall v. Placer County Sheriff's Dep't, No. CIV S-10-01152 JAM EFB PS, 2011 WL 6002912, at *9 (E.D. Cal. Nov. 30, 2011) (sheriff's department is a municipal department of the County). Plaintiff's municipal liability claim fails because he has presented no evidence of constitutional deprivations.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed July 9, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 23, 2014**

UNITED STATES MAGISTRATE JUDGE

5