# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEROME LEE CROSS, | ) | Case No.: 1:14-cv-01073-SAB (PC) |
| Plaintiff, | )<br>) | |
| | ) | ORDER DISMISSING FIRST AMENDED |
| v. | )<br>) | COMPLAINT, WITH LEAVE TO AMEND, FOR<br>FAILURE TO STATE A COGNIZABLE CLAIM |
| KINGS COUNTY DISTRICT | ) | FOR RELIEF |
| ATTORNEY'S OFFICE, et al., | )<br>) | [ECF No. 13] |
| | ) | |
| Defendants. | )<br>) | |
| | ) | |

Plaintiff Jerome Lee Cross is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

1

550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

### COMPLAINT ALLEGATIONS

Plaintiff alleges that in November 2013, while Plaintiff was housed at the Kings County Jail, his cell was searched, and a bag of fruit pulp was discovered on the side of the toilet.  Plaintiff took responsibility for the fruit pulp.  Plaintiff contends the harshest punishment for such possession is a three week lockdown write-up without commissary, dayroom, or visits.  Plaintiff received the write-up and months later was arraigned on charges of possession of alcohol beverages in violation of California Penal Code 4573.8- a felony.  After trial, Plaintiff was found guilty of the felony charge. There are no posted prohibitions or sanction notice outside of the grounds of the detention facility.

Sergeant Tolbert and Deputy McMahan acted with malicious intent to violate Plaintiff's civil rights by requesting that criminal charges be filed against Plaintiff.

///

///

///

///

///

2

# III.

## DISCUSSION

### A.    Violation of California Penal Code

Plaintiff's claim appears to be premised as a violation of his due process rights because Defendants initiated a prosecution against him even though Plaintiff was not provided fair warning that his conduct was unlawful under California Penal Code section 4573.8.

California Penal Code section 4573.8 states,

> Any person who knowingly has in his or her possession in any state prison, prison road camp, prison forestry camp, or other prison camp or prison farm or any place where prisoners of the state are located under the custody of prison officials, officers, or employees, or in any county, city and county, or city jail, road camp, farm or any place or institution, where prisoners or inmates are being held under the custody of any sheriff, chief of police, peace officer, probation officer, or employees, or within the grounds belonging to any jail, road camp, farm, place, or institution, drugs in any manner, shape, form, dispenser, or container, any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming drugs, or alcoholic beverages, without being authorized to possess the same by rules of the Department of Corrections, rules of the prison or jail, institution, camp, farm, or place, or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison, jail, institution, camp, farm, or place, is guilty of a felony.

> The prohibitions and sanctions addressed in this section shall be clearly and prominently posted outside of, and at the entrance to, the grounds of all detention facilities under the jurisdiction or, or operated by, the state or any city, county, or city and county.

Cal. Penal Code § 4573.8.

Plaintiff alleges nothing more than a state law violation under section 4573.8.  However, Plaintiff may not pursue alleged violations of the state penal code in this action because criminal statutes, such as section 4573.8, do not create private rights of action.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (criminal statutes do not give rise to civil liability).

### B.    Malicious Prosecution

Claims by pretrial detainees, such as Plaintiff, are analyzed under the Fourteenth Amendment Due Process Clause.  See, e.g., Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002).  In the Ninth Circuit, a claim for malicious prosecution is not cognizable under 42 U.S.C. §

3

1983 if process is available within the state judicial system to provide a remedy.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  However, if malicious prosecution is "conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights," a malicious prosecution claim under § 1983 is available.  Id. at 562 (citing Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985)).  To state a claim for malicious prosecution in California under § 1983, a plaintiff must plead the "(a) the initiation of criminal prosecution, (b) malicious motivation, and (c) lack of probable cause."  Usher, 828 F.2d at 562.  A criminal defendant can maintain a malicious prosecution claim against police officers who wrongfully caused his prosecution.  Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).

Plaintiff claims only that the officer went beyond his scope of duties by recommending that the district attorney prosecute him for possession of alcohol/drugs while incarcerated.  Plaintiff's bare allegation fails to give rise to claim for malicious prosecution.  Plaintiff fails to allege that he was prosecuted with malice and without probable cause for the purpose of denying him equal protection or another specific constitutional right.  Accordingly, Plaintiff fails to state a cognizable claim for relief and leave to amend will be granted.

### C.    Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff alleges in conclusory fashion that a conspiracy existed to deprive him of his constitutional rights afforded by the Fourteenth Amendment.  Plaintiff's mere allegation of a conspiracy without factual specificity is insufficient to state a claim.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990).  Because Plaintiff has not alleged facts supporting an inference of a conspiracy among Defendants, his claim fails.

///

///

///

4

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court will grant Plaintiff one final opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

2.      Plaintiff's amended complaint, filed November 10, 2014, is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 5, 2014**

                                            UNITED STATES MAGISTRATE JUDGE