1
2
3
4
5
**UNITED STATES DISTRICT COURT**

6
**EASTERN DISTRICT OF CALIFORNIA**

7

8   JEROME LEE CROSS,                    )   Case No.: 1:14-cv-01073-AWI-SAB (PC)
                                          )
9              Plaintiff,                 )
                                          )
10      v.                                )   ORDER DISMISSING SECOND AMENDED
                                          )   COMPLAINT, WITH ONE FINAL
11  KINGS COUNTY DISTRICT                 )   OPPORTUNITY TO AMEND, FOR FAILURE TO
    ATTORNEY'S OFFICE, et al.,            )   STATE A COGNIZABLE CLAIM FOR RELIEF
12                                        )
                                          )   [ECF No. 15]
13                                        )
               Defendants.               )
14  _____ )

15

16      Plaintiff Jerome Lee Cross is appearing pro se and in forma pauperis in this civil rights action

17  pursuant to 42 U.S.C. § 1983.

18      Now pending before the Court is Plaintiff's second amended complaint, filed December 24,

19  2014.

20  **I.**

21  **SCREENING REQUIREMENT**

22      The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

26  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

27      A complaint must contain "a short and plain statement of the claim showing that the pleader is

28  entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

### COMPLAINT ALLEGATIONS

While housed at the Kings County jail, Plaintiff's cell was searched and a bag of fruit pulp was discovered on the side of the toilet. Plaintiff took responsibility for the fruit pulp believing the harshest punishment he could receive was a three week lock-down without commissary, dayroom or visits. Plaintiff received a write-up and was later arraigned on criminal charges of possession of an alcoholic beverage in violation of California Penal Code section 4573.8-a felony. Plaintiff was never read his Miranda rights, yet a statement of Plaintiff stating "fuck it! It's on," was used against him at trial by officer McMahan in retaliation.

Officer McMahan took samples and photographs then destroyed the substance, but later took photographs of inmates in cell blocks and toilets. This information was forwarded to officer Tolbert, who then maliciously recommended that the district attorney file charges. Tolbert's intent was to deprive Plaintiff of his constitutional rights for the sole purpose of keeping jailhouse numbers high to build a new jail facility.

2

1    Officers Tolbert and McMahan had no probable cause to recommend chargers to be filed

2    against Plaintiff.

3                                              **III.**

4                                        **DISCUSSION**

5        **A.    Malicious Prosecution**

6        Claims by pretrial detainees, such as Plaintiff, are analyzed under the Fourteenth Amendment

7    Due Process Clause.  See, e.g., Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir.

8    2002).  In the Ninth Circuit, a claim for malicious prosecution is not cognizable under 42 U.S.C. §

9    1983 if process is available within the state judicial system to provide a remedy.  Usher v. City of Los

10   Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  However, if malicious prosecution is

11   "conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended

12   to subject a person to a denial of constitutional rights," a malicious prosecution claim under § 1983 is

13   available.  Id. at 562 (citing Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985)).  To state a claim

14   for malicious prosecution in California under § 1983, a plaintiff must plead the "(a) the initiation of

15   criminal prosecution, (b) malicious motivation, and (c) lack of probable cause."  Usher, 828 F.2d at

16   562.  A criminal defendant can maintain a malicious prosecution claim against police officers who

17   wrongfully caused his prosecution.  Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).  Further,

18   because the state tort common law has been incorporated into the elements of a § 1983 malicious

19   prosecution claim, a plaintiff must generally show that the prior prosecution terminated in a manner

20   that indicates innocence, i.e. a favorable termination.  Awabdy v. City of Adelanto, 368 F.3d 1062,

21   1066-1068 (9th Cir. 2004).

22       Plaintiff's claim of malicious prosecution fails.  First, Plaintiff admitted that he possessed fruit

23   pulp.  The fact that Plaintiff believed he would be punished only administratively within the jail

24   facility, is immaterial.  Second, Plaintiff was charged and convicted of possession of an alcoholic

25   beverage.   Thus, there is no basis to Plaintiff's claim that he was maliciously prosecuted without

26   probable cause.

27   ///

28   ///

**B.      Conspiracy**

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff alleges in conclusory fashion that a conspiracy existed to deprive him of his constitutional rights afforded by the Fourteenth Amendment. Plaintiff's mere allegation of a conspiracy without factual specificity is insufficient to state a claim. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990). Because Plaintiff has not alleged facts supporting an inference of a conspiracy among Defendants, his claim fails.

**C.      Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff does not allege facts showing an equal protection violation. Here, Plaintiff does not allege membership in any protected class that could form the basis of an equal protection claim. Plaintiff also fails to allege that a particular defendant intentionally treated plaintiff differently from others similarly situated. Accordingly, Plaintiff fails to allege an equal protection violation.

**D.      Supervisory Liability**

Plaintiff contends that Kings County Sheriff, Dave Robinson, is responsible for training officers McMahan and Tolbert and should have known that his employees violated Plaintiff's constitutional rights.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

4

2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Sheriff Robinson.  The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's second amended complaint fails to state a claim upon which relief may be granted.  Plaintiff will be granted one final opportunity to file an amended complaint within thirty (30) days, if he believes he can do so.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

1   waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir.

2   1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

3          Based on the foregoing, it is HEREBY ORDERED that:

4          1.      The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

5          2.      Plaintiff's second amended complaint, filed December 24, 2014, is dismissed for failure

6                  to state a claim;

7          3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

8                  amended complaint; and

9          4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action

10                 will be dismissed, with prejudice, for failure to state a claim.

11

12   IT IS SO ORDERED.

13   Dated:   **December 30, 2014**

14                                                    UNITED STATES MAGISTRATE JUDGE