UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01073-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 20] |

Plaintiff Jerome Lee Cross is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's third amended complaint, lodged March 4, 2015, and filed by order issued concurrently herewith. (ECF No. 20.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

While housed at the Kings County jail, Plaintiff's cell was searched and a bag of fruit pulp was discovered on the side of the toilet. Plaintiff took responsibility for the fruit pulp believing the harshest punishment he could receive was a three week lock-down without commissary, dayroom or visits. Plaintiff received a write-up and was later arraigned on criminal charges of possession of an alcoholic beverage in violation of California Penal Code section 4573.8-a felony. Plaintiff was never read his Miranda rights, yet a statement of Plaintiff stating "fuck it! It's on," was used against him at trial by officer McMahan in retaliation.

Officer McMahan took samples and photographs then destroyed the substance, but later took photographs of inmates in cell blocks and toilets. This information was forwarded to officer Tolbert, who then maliciously recommended that the district attorney file charges. Tolbert's intent was to

deprive Plaintiff of his constitutional rights for the sole purpose of keeping jailhouse numbers high to build a new jail facility.

Officers Tolbert and McMahan had no probable cause to recommend chargers to be filed against Plaintiff.  The District Attorney's office maliciously filed charges against Plaintiff even though officer's unlawfully destroyed evidence.

## III.
## DISCUSSION

### A.    Malicious Prosecution

Claims by pretrial detainees, such as Plaintiff, are analyzed under the Fourteenth Amendment Due Process Clause.  See, e.g., Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002).  In the Ninth Circuit, a claim for malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  However, if malicious prosecution is "conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights," a malicious prosecution claim under § 1983 is available.  Id. at 562 (citing Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985)).  To state a claim for malicious prosecution in California under § 1983, a plaintiff must plead the "(a) the initiation of criminal prosecution, (b) malicious motivation, and (c) lack of probable cause."  Usher, 828 F.2d at 562.  A criminal defendant can maintain a malicious prosecution claim against police officers who wrongfully caused his prosecution.  Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).  Further, because the state tort common law has been incorporated into the elements of a § 1983 malicious prosecution claim, a plaintiff must generally show that the prior prosecution terminated in a manner that indicates innocence, i.e. a favorable termination.  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066-1068 (9th Cir. 2004).

Plaintiff's claim of malicious prosecution fails.  First, Plaintiff admitted that he possessed fruit pulp.  The fact that Plaintiff believed he would be punished only administratively within the jail facility is immaterial.  Second, Plaintiff was charged and convicted of possession of an alcoholic

beverage.  Thus, there is no basis to Plaintiff's claim that he was maliciously prosecuted without probable cause.

### B.     Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff alleges in conclusory fashion that a conspiracy existed to deprive him of his constitutional rights afforded by the Fourteenth Amendment.  Plaintiff's mere allegation of a conspiracy without factual specificity is insufficient to state a claim.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990).  Because Plaintiff has not alleged facts supporting an inference of a conspiracy among Defendants his claim fails.

### C.     Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff does not allege facts showing an equal protection violation. Here, Plaintiff does not allege membership in any protected class that could form the basis of an equal protection claim. Plaintiff also fails to allege that a particular defendant intentionally treated plaintiff differently from others similarly situated.  Accordingly, Plaintiff fails to allege an equal protection violation.

### D.     Further Leave to Amend

In light of the fact that the Court previously notified Plaintiff of the deficiencies and granted leave to amend, further amendment is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, Plaintiff's third amended complaint fails to state any cognizable claims for relief under section 1983. As Plaintiff has had multiple opportunities to cure the deficiencies identified by the Court and has failed to do so, further leave to amend shall not be granted. Lopez v. Smith, 203 F.3d at 1130.

Accordingly, it is HEREBY RECOMMENDED that his action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 31, 2015**

UNITED STATES MAGISTRATE JUDGE